UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————————X

ANETA PAZDEROVA,

                    Plaintiff,

    v.

KRZYSTOF DRZEWIECKI and 194
BEDFORD AVE REST CORP. D/B/A,
DZIUPLA RESTAURANT,

                    Defendants.

————————————————————————X

**REPORT & RECOMMENDATION**

**23-CV-1617 (LDH) (LKE)**

**LARA K. ESHKENAZI**, United States Magistrate Judge:

Before the Court, on referral from the Honorable LaShann DeArcy Hall, is the motion of

Plaintiff, Aneta Pazderova ("Plaintiff"), for attorneys' fees and costs against Defendants Krzystof

Drzewiecki ("Defendant" or "Drzewiecki") and 194 Bedford Ave Rest Corp., doing business as

Dziupla Restaurant ("Dziupla," and collectively, "Defendants"). For the reasons set forth below,

the Court respectfully recommends that Plaintiff's motion for fees and costs be granted in part.

I.      **BACKGROUND**

The Court assumes familiarity with the relevant facts and procedural history of this case,

which was discussed at length in this Court's Report and Recommendation. *See Pazderova v.*

*Drzewiecki*, No. 23-cv-1617 (LDH) (LKE), 2025 U.S. Dist. LEXIS 27762, at *1-7 (E.D.N.Y. Feb.

14, 2025), *R. & R. adopted*, 2025 U.S. Dist. LEXIS 67317 (E.D.N.Y. Mar. 31, 2025). After the

Court granted Plaintiff's motion for default judgment as to Plaintiff's minimum wage and overtime

claims under the under the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"),

and the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA") and awarded

Plaintiff compensatory damages, *see id.* at *47-48, the Clerk of Court entered Judgment in

Plaintiff's favor on March 31, 2025. (ECF 48.) Plaintiff requested an extension of time to move for attorneys' fees and costs (ECF 48), and filed the instant motion on May 5, 2025. (ECF 50.) The Honorable LeShann DeArcy Hall referred the motion to this Court for a Report and Recommendation. (Oct. 7, 2025, Order.)

## II.    **DISCUSSION**

Having determined that Defendants violated the FLSA, NYLL, and TVPRA, and that Plaintiff is entitled to damages, the Court now assesses Plaintiff's claim for attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54. *See Pazderova*, 2025 U.S. Dist. LEXIS 27762, at *33-48. Plaintiff is entitled to an award of reasonable attorneys' fees and costs under the FLSA, NYLL, and TVPRA. 29 U.S.C. § 216(b); N. Y. Labor Law §§ 663, 198(1-a); 18 U.S.C. § 1595(a).

Courts in this Circuit exercise their discretion to determine the reasonableness of attorney's fees using the "presumptively reasonable fee" standard. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 183, 190 (2d Cir. 2008). The presumptively reasonable fee, otherwise known as the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). As a threshold matter, the party seeking fees must provide accurate, detailed, and contemporaneous attorney time records. *See Scott v. City of New York*, 643 F.3d 56, 58-59 (2d Cir. 2011) (per curiam). Plaintiff has satisfied this requirement. (Decl. of Boaz S. Morag ("Morag Decl."), Ex. A, ECF 50-2; Decl. of Amy M. Hong ("Hong Decl."), Ex. A, ECF 50-4.)

The next inquiry is whether Plaintiff's counsel requests a reasonable hourly rate. *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). A reasonable hourly rate is "the rate a paying client would be willing to pay....bear[ing] in mind that a reasonable, paying client wishes to spend

the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190. Reasonable hourly rates should be based on "rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." *Cruz v. Loc. Union No. 3 of IBEW*, 34 F.3d 1148, 1159 (2d Cir. 1994) (citation omitted). A judge may determine prevailing rates based on experience presented, knowledge of rates charged in the community, and "the nature of representation and type of work involved in a case." *Arbor Hill*, 522 F.3d at 184 n.2; *see Chambless v. Masters, Mates, & Pilots Pension Plan*, 885 F.2d 1053, 1059 (2d Cir. 1989).

The records submitted reflect the work of Plaintiff's attorneys as follows. Boaz S. Morag, Counsel at Cleary Gottlieb Steen and Hamilton LLP ("Cleary Gottlieb"), requests an hourly rate of $450. (Morag Decl. App'x A, ECF 50-1.) Alexis Bramhall and Thomas Mintz, both Senior Associates at Cleary Gottlieb, request an hourly rate of $350. (*Id.* ¶¶ 30-31, App'x A.) Adrian Gariboldi, a Junior Associate, requests an hourly rate of $250. (*Id.* ¶ 32, App'x A.) Amy M. Hong, Staff Attorney at The Legal Aid Society's Employment Law Unit ("Legal Aid") and co-counsel with Cleary Gottlieb, has been practicing law since 2002 and requests an hourly rate of $450. (Hong Decl. ¶¶ 1, 7, 14, ECF 50-3.) This Court finds these requested rates reasonable and well within the range of hourly rates awarded in this District. *See Rubin v. HSBC Bank USA, NA*, 763 F. Supp. 3d 233, 243-44 (E.D.N.Y. 2025) (finding hourly rates of up to $650 for partners, $450 for senior associates, and $300 for junior associates reasonable).

Next, the Court examines the reasonableness of the number of hours billed to the matter. To determine the reasonableness of hours spent on the litigation, a court makes "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Maldonado v. La Nueva Rampa, Inc.*, No. 10-cv-8195, 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012). The "critical inquiry is 'whether, at the time the

3

work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Id.* at \*13 (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)). Plaintiff bears the burden of showing this reasonableness, "supported by contemporaneous time records" that are specific in detailing the attorney billing their time, the work completed, the hours billed, and the dates on which each item was billed. *Fox Indus., Inc. v. Gurovich*, No. 03-cv-5166 (TCP) (WDW), 2005 WL 2305002, at \*1 (E.D.N.Y. Sept. 21, 2005); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983) (noting that although parties are "not required to record in great detail how each minute of his time was expended" . . . "counsel should identify the general subject matter of his time expenditures."). "District courts have broad discretion, using their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of each component of a fee award." *Melo v. Milagro Grocery Corp.*, 750 F. Supp. 3d 38, 61 (E.D.N.Y. 2024) (quoting *Finkel v. Captre Elec. Supply Co.*, No. 14-cv-3584 (RJD) (JO), 2015 U.S. Dist. LEXIS 122282, at \*13 (E.D.N.Y. July 31, 2015), *R. & R. adopted*, 2015 U.S. Dist. LEXIS 121469 (E.D.N.Y. Sep. 10, 2015)). "If the Court finds that some of the time the attorney billed was not reasonably necessary, it should reduce the time for which compensation is awarded accordingly." *Chacha v. Nueva Era Flower Corp.*, No. 23-cv-3367 (AMD) (MMH), 2025 U.S. Dist. LEXIS 174932, at \*41 (E.D.N.Y. Sep. 8, 2025) (citation omitted), *R. & R. adopted*, 2025 U.S. Dist. LEXIS 193577 (E.D.N.Y. Sep. 30, 2025).

Here, Plaintiff's counsel seeks compensation for 206.4 hours. (Morag Decl. App'x A.) Based on Plaintiff's submitted billing records, this Court finds the total hours excessive under the circumstances. While Plaintiff's counsel commenced this case in March of 2023, and litigated professionally for two years, the procedural history and the complexity of the issues does not necessitate the amount of hours expended. (*See generally* Dkt.) Indeed, although Plaintiff's

attorneys effected proper service and reached out to Defendants multiple times, Defendants ultimately failed to answer or otherwise respond to the Complaint. (Morag Decl. ¶¶ 13-14); *see Pazderova*, 2025 U.S. Dist. LEXIS 27762, at *5-6. After Plaintiff moved for default judgment, Judge Kuo held oral argument, where only Plaintiff appeared. (Feb. 1, 2024, Min. Entry and Order.) Judge Kuo discussed pleading deficiencies in the original Complaint, noting that it lacked "any kind of factual assertion that this [D]efendant business" was "part of an enterprise engaged in commerce within the meaning of the FLSA." (Tr. at 18:23-24, 17:4-5, ECF 31.); *see Talmaci v. Vep Assocs. LLC*, No. 22-cv-5309 (CBA) (MMH), 2025 U.S. Dist. LEXIS 179254, at *13 (E.D.N.Y. Sep. 11, 2025) ("For employees to be covered by the FLSA, they must show either that their employer was an enterprise engaged in interstate commerce or that their work as employees regularly involved them in interstate commerce." (citation omitted)), *R. & R. adopted*, 2025 U.S. Dist. LEXIS 190493 (E.D.N.Y. Sep. 26, 2025). Judge Kuo also expressed concerns that Plaintiff's allegations of Defendants' bad behavior did not adequately "meet[] the standard to make it a TVPRA claim." (Tr. at 25:13.) Plaintiff subsequently withdrew the motion and filed an Amended Complaint addressing issues raised by Judge Kuo during the hearing. (Morag Decl. ¶¶ 14-15; *see* Am. Compl., ECF 32.) Plaintiff served Defendants, who again failed to answer or otherwise appear, and requested certificates of default and moved for default judgment accordingly. (ECFs 33-41.)

"Regarding the complexity of the issues being litigated, the FLSA and NYLL are straightforward and relatively simple." *Jones v. Pawar Bros. Corp.*, No. 17-cv-3018 (PKC) (SJB), 2023 U.S. Dist. LEXIS 170688, at *32 (E.D.N.Y. Sep. 25, 2023) (internal quotations and alterations omitted). Although Plaintiff also litigated a TVPRA claim, the nature of the work performed in this matter was relatively straightforward, and the claims were not exceptionally

5

novel or complex. *Lilly v. City of New York*, 934 F.3d 222, 232 (2d Cir. 2019) ("[C]ase-specific factors like the novelty or complexity of the matter are appropriately considered in determining the reasonable hourly rate or hours billed.").

Moreover, Plaintiff did not engage in any exchange of discovery, opposed motion practice, or trial. (*See generally* Dkt.) In comparison, in FLSA and NYLL cases in this Circuit that have been litigated through trial, courts have awarded fees for reasonable hours ranging from approximately 150 to 250 hours. *See Jones*, 2023 U.S. Dist. LEXIS 170688, at *33-34 (collecting FLSA/NYLL cases where, after trial, courts awarded reasonable fees in this range); *see also Feuer v. Cornerstone Hotels Corp.*, No. 14-cv-5388 (JFB) (SIL), 2021 U.S. Dist. LEXIS 202316, at *12, 20 (E.D.N.Y. Oct. 20, 2021) (finding, in a FLSA and NYLL action resulting in a two-day bench trial, the "[207.3] hours expended by Borrelli & Associates to be unreasonable because the hours requested are excessive given the nature of this particular case[,]" and applying a 40% across-the-board reduction to fees sought). Even in other cases where the parties engaged in substantial discovery prior to default motion practice, courts have declined to award fees for the number of hours that Plaintiff's counsel seeks. *See, e.g.*, *Jemine v. Dennis*, 901 F. Supp. 2d 365, 393-94 (E.D.N.Y. 2012) (deducting 10% from plaintiff's requested 209.27 hours in a default wage and hour class action suit where plaintiff conducted depositions and discovery prior to defendant's default).

Finally, while this Court appreciates Plaintiff's preemptive reduction in hours (Morag Decl. ¶ 24), a close review of Plaintiff's billing records demonstrates that some of the hours billed were excessive or redundant. "Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from

a fee application.'" *Feuer v. Cornerstone Hotels Corp.*, No. 14-cv-5388 (JPI3) (SIL), 2021 U.S. Dist. LEXIS 202316, at *9 (E.D.N.Y. Oct. 20, 2021) (quoting *Kirsch v. Fleet St., Ltd*, 148 F.3d 149, 173 (2d Cir. 1998)). Here, for example, Plaintiff's counsel appears to have spent more than 8.5 hours communicating, drafting, and filing the certificates of default. (Morag Decl. Ex. A at 4, ECF 50-2.) Plaintiff's team of five attorneys also billed for internal communications, which created some redundant entries. (*See e.g.*, *id.* at 6 (showing two Senior Associates and one Junior Associate each billing for an internal phone call regarding the status of the motion for default judgment).) Therefore, in considering the complexity of the issues, the procedural history, the hours billed in comparison with comparable cases, and the billing entries, this Court finds that a deduction in hours is appropriate and recommends reducing Plaintiff's total amount of attorneys' fees by 15%, from $72,730 to $61,820.50. *See Luciano v. Olsten Corp.*, 109 F.3d 111, 117 (2d Cir. 1997) (affirming 15% reduction of attorney's hours); *Panora v. Deenora Corp.*, No. 19-cv-7267 (BMC), 2021 U.S. Dist. LEXIS 231151, at *23 (E.D.N.Y. Dec. 2, 2021) (reducing plaintiff's time charges by 15%); *Tokyo Electron Ariz., Inc. v. Discreet Indus. Corp.*, 215 F.R.D. 60, 64-65 (E.D.N.Y. 2003) (applying 10% reduction to excessive fee application); *Jones*, 2023 U.S. Dist. LEXIS 170688, at *35 (reducing plaintiff's total amount of attorneys' fees by 18%).

Lastly, Plaintiff requests reimbursement for $12,696.20 in litigation costs. (Morag Decl. ¶ 35.) These costs include court filings, service fees, mailing, and legal research. (*Id.*, App'x B, ECF 50-1.) "Ordinarily, plaintiffs may recover costs relating to filing fees, process servers, postage, and photocopying." *Pichardo v. El Mismo Rincon Latino Corp.*, No. 17-cv-7439, 2018 WL 4101844, at *11 (E.D.N.Y. Aug. 7, 2018) (citations omitted), *R. & R. adopted*, 2018 WL 4100480 (E.D.N.Y. Aug. 28, 2018); *see also LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). Plaintiff's attorney provides that the "underlying invoices and receipts for each expense are

maintained at Cleary Gottlieb's offices." (Morag Decl. ¶ 34.) Nonetheless, no invoices or receipts were submitted in support of the costs requested. "Plaintiff must provide sufficient documentary evidence to support an award of reasonable costs." *Martinez v. Golden Flow Dairy Farms Inc.*, No. 21-cv-2421 (ENV) (MMH), 2025 U.S. Dist. LEXIS 268513, at *32 (E.D.N.Y. Dec. 31, 2025), *R. & R. adopted*, 2026 U.S. Dist. LEXIS 28805 (E.D.N.Y. Feb. 11, 2026); *Brito v. Marina's Bakery Corp.*, No. 19-cv-00828 (KAM) (MMH), 2022 U.S. Dist. LEXIS 53351, at *81-82 (E.D.N.Y. Mar. 24, 2022) ("declin[ing] to accept Plaintiffs' conclusory calculation of litigation costs, as it is wholly unsupported by actual receipts, dates of payments, or any other available information to assist in the Court's determination of the reasonableness of such fees").

However, this Court takes judicial notice of Plaintiff's payment of the $402 filing fee listed on the docket (ECF 1), and the $40 service of process receipt documented in Plaintiff's affidavit of service (ECF 40-9 at 6). *See Joe Hand Promotions, Inc. v. Bernal*, No. 18-cv-85 (ILG) (SJB), 2019 U.S. Dist. LEXIS 28628, at *16 (E.D.N.Y. Feb. 22, 2019) (awarding plaintiff the $400 filing fee after taking judicial notice of the fee, and service of process costs, documented in an invoice from plaintiff's process server). Thus, this Court recommends awarding Plaintiff's counsel $442 in costs.

III.    **CONCLUSION**

Based on the foregoing, the Court respectfully recommends that Plaintiff's motion for attorneys' fees and costs be granted in part. Specifically, this Court recommends awarding Plaintiff $61,820.50 in fees, and $442 in costs, for a total award of $62,262.50.

A copy of this Report and Recommendation is being served on Plaintiff via ECF. The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to Defendants at the following addresses forthwith: (1) Krzystof Drzewiecki, 475 48th Avenue, #2114, Long

Island City, NY 11109; (2) 194 Bedford Ave Rest Corp., 194 Bedford Avenue, Brooklyn, NY 11249. Plaintiff is also directed to mail a copy of this Report and Recommendation and file proof of service of mailing by February 26, 2026.

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge DeArcy Hall. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision.  *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
February 20, 2026

*Lara K. Eshkenazi*
LARA K. ESHKENAZI
United States Magistrate Judge

9